[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage filed by the plaintiff by writ, summons and complaint dated September, 29, 1998. The defendant file her answer and cross-complaint dated September 23, 1998.
After a full trial, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence, and the reasonable, rational and lawful inferences to be drawn therefrom finds, determines, rules and orders as follows.
The plaintiff, David A. Allen, and the defendant, whose birth name was Sonia Santiago and whose name at the time of the marriage was Sonia Dormer, intermarried on March 9, 1968 at Kingsland, Georgia.
The parties have resided in the State of Connecticut for more than one year preceding the date of the filing of the complaint in this complaint.
There are no minor children, lawful issue of the marriage of the parties.
No other minor children have been born to the defendant.
No governmental agency is presently contributing to the support of either party.
The marriage of the parties has broken down irretrievably.
At the time the parties first met they were both in Florida. He was in the United States Navy and she was recently divorced and the mother of four children who were living with her. The defendant was 30 years old, the plaintiff 21, at the time of their meeting in late 1967. The parties moved in together and were married on March 9, 1968. The parties had little assets and few debts.
In 1969, the parties moved to Connecticut where the plaintiff went to work at Pratt and Whitney Aircraft where he is presently employed. The defendant, who was employed as a bookkeeper in CT Page 9833 Florida, upon her removal to Connecticut worked outside the home for a short period as a factory worker and house cleaner. For most of the marriage, the plaintiff was the principal wage earner, while the defendant maintained the principal role in maintaining the house and raising the children.
In addition to the four children from the previous marriage, the defendant and the plaintiff raised a daughter, issue of the marriage, who was born in 1971.
In 1980, the defendant developed health problems which included severe pain from rheumatoid arthritis, carpel tunnel syndrome and osteoporosis. In the mid-80's the defendant underwent two surgical procedures to replace her knuckles due to the ravages of rheumatoid arthritis. The defendant still suffers from pain and is almost immobilized when her arthritis flares-up.
The parties enjoyed dancing as a recreational hobby but because of the defendant's affliction she was forced to forego any further participation. The plaintiff, at the defendant's urging, continued to attend the dance sessions without the accompaniment of his wife.
In May 1998, the plaintiff informed the defendant that he did not love her and finally moved out of the marital home in August of 1998. The plaintiff moved in with another women whom he had met at the dancing sessions. The plaintiff and his new dancing partner became engaged in an emotional and sexual relationship.
The defendant lives in the marital home and has no other income except the alimony pendente lite in the amount of $400.00 per week paid by the plaintiff.
The plaintiff for many years has been employed by Pratt 
Whitney Aircraft and earns approximately $53,000.00 per year.
The court ascribes fault to the plaintiff for the breakdown of the marriage. He, while still married, began an affair with another woman and is presently living with her.
The court, guided by the mandates of General Statutes Sections 46b-81 and 46b-82, deems, rules and awards as follows.
The plaintiff is to pay to the defendant as periodic alimony the sum of $350.00 per week, until the death of either party or CT Page 9834 the marriage of the defendant.
The plaintiff is to cover the medical and dental expenses of the defendant, via a COBRA, by paying the required premiums for the maximum period or until the defendant is eligible for parts A B of Medicare, which ever first occurs.
The plaintiff shall maintain life insurance in the mount of $66,000.00 with the defendant as irrevocable beneficiary for so long as he owes alimony to her.
The marital home at 24 Powerhouse Road is hereby set out to the defendant free and clear of any claims by the plaintiff, with the defendant incurring the liability for all the expenses thereof including the mortgage, taxes, insurance and maintenance costs.
The plaintiff shall retain his annuity with AMICA in the approximate amount of $20,000.00 and the defendant shall retain her annuity with Allmerica Financial Group in the amount of $18,000.00.
The plaintiff is to receive sole title to the 1997 Dodge Caravan free and clear of any claims of the defendant. The plaintiff will be responsible for the loan on said Caravan and will hold harmless the defendant for any liability thereon. The defendant shall be the sole owner of the 1997 Camper Trailer and will be responsible for the land lease. The defendant shall be the sole owner of the 1993 Ford Taurus and be responsible for all expenses therewith.
The defendant shall receive one-half of the plaintiffs pension benefits as they have accrued of the date of the final dissolution, plus any interest and performance thereon which accrues from said dissolution until distribution. Defendant shall be nominated beneficiary of any pre-retirement survivor death benefits. Said obligation shall become a claim against plaintiffs estate in the event he fails to comply with said obligation. Said pension benefits shall be assigned by way of a QDRO, and the court will retain continuing jurisdiction over this matter to effectuate said transfer.
The defendant shall receive $30,000.00 gross from the plaintiffs savings plan with his employer, plus any interest/performance thereon on said amount that accrues from the CT Page 9835 date of final decree to distribution. Said sums shall be transferred to the defendant by QDRO, and the court shall retain continuing jurisdiction to effectuate said transfer. The plaintiff shall retain the balance in said fund.
The defendant shall be the sole owner of all the personal property located in the marital home with the exception of the plaintiffs records, tapes and CD's which he shall remove from the marital home within 30 days.
The plaintiff shall pay to the defendant the sum of $3,000.00 toward her counsel fees within 30 days of the final dissolution.
A decree may enter dissolving the marriage and incorporation therein the aforesaid awards and orders of the court.
SPALLONE, STATE TRIAL REFEREE.